**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAUL FARVELA,

    Plaintiff,

    v.                                    2:16-cv-00831-RFB-PAL

JAY BARTH et al.,                      **ORDER**

    Defendants.

## I.  DISCUSSION

On November 1, 2016, the Court issued a screening order which dismissed some claims with leave to amend and permitted some claims to proceed. (ECF No. 7 at 11). The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his denial of access to the courts claim. (*Id.*) The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on Count I against Barth for denial of access to the grievance process, retaliation, and due process-property claims; Count I against Groover for the due process-disciplinary segregation claim; and Count II against Nash, Howell, and Stroud for the supervisory liability claim only. (*Id.* at 11-12). Plaintiff has not filed an amended complaint. Pursuant to the screening order, this action shall proceed on Count I against Barth for denial of access to the grievance process, retaliation, and due process-property claims; Count I against Groover for the due process-disciplinary segregation claim; and Count II against Nash, Howell, and Stroud for the supervisory liability claim only.

Plaintiff has filed a motion for appointment of counsel. (ECF No. 9). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims.

*Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that, pursuant to the Court's screening order (ECF No. 7), this action shall proceed on Count I against Barth for denial of access to the grievance process, retaliation, and due process-property claims; Count I against Groover for the due process-disciplinary segregation claim; and Count II against Nash, Howell, and Stroud for the supervisory liability claim only.

IT IS FURTHER ORDERED that given the nature of the claim(s) that the Court has permitted to proceed, this action is **STAYED** for ninety (90) days to allow Plaintiff and Defendant(s) an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this ninety-day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. Regardless, on or before ninety (90) days from the date this order is entered, the Office of the Attorney General shall file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response.

Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

IT IS FURTHER ORDERED that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

IT IS FURTHER ORDERED that if the case does not settle, Plaintiff will be required to pay the full $350.00 filing fee. This fee cannot be waived. If Plaintiff is allowed to proceed *in forma pauperis,* the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed *in forma pauperis*, the $350.00 will be due immediately.

IT IS FURTHER ORDERED that if any party seeks to have this case excluded from the inmate mediation program, that party shall file a "motion to exclude case from mediation" on or before twenty-one (21) days from the date of this order. The responding party shall have seven (7) days to file a response. No reply shall be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically **SERVE** a copy of this order, the original screening order (ECF No. 7) and a copy of Plaintiff's complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

IT IS FURTHER ORDERED that the Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

///
///
///
///

3

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 9) is denied.

DATED: This 13th day of December, 2016.

                                        _____
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAUL FARVELA,

    Plaintiff,

    v.

JAY BARTH et al.,

    Defendants.

2:16-cv-00831-RFB-PAL

REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____ [*the date of the issuance of the screening order*], the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

*///*

*///*

*///*

*///*

5

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    \_\_\_\_ A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. *(If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.)*

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

    \_\_\_\_ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

    \_\_\_\_ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations**. [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

    \_\_\_\_ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

6

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____    _____
                      Print                                              Signature

Address:    _____        Phone:
                                                                         _____

                _____        Email:
                                                                         _____