**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

SAUL FARVELA,

    Plaintiff,

v.

JAY BARTH, *et al.*,

    Defendants.

Case No. 2:16-cv-00831-RFB-PAL

**ORDER**

Motion for Summary Judgment

## I. INTRODUCTION

Before the Court is the Defendants' Motion for Summary Judgment (ECF No. 27). For the reasons discussed below, the motion is granted in part and denied in part.

## II. PROCEDURAL BACKGROUND

The Plaintiff filed an Application to Proceed *in Forma Pauperis* on April 11, 2016. ECF No. 1. Judge Leen issued a screening order on November 1, 2016, which allowed the Complaint to proceed on the following claims only: Count I against Barth for denial of access to the grievance process, retaliation, and due process-property claims; Count I against Groover for the due process-disciplinary segregation claim; and Count II against Nash, Howell, and Stroud for the supervisory liability claim only. The screening order gave the Plaintiff 30 days to file an amended complaint.

ECF No. 7. On December 14, 2016, Judge Leen entered an order noting that as the Plaintiff had not filed an amended complaint, the case would proceed on only those claims previously identified. ECF No. 10. An inmate mediation conference was held on February 24, 2017, and a settlement was not reached. ECF No. 13. Defendants filed an Answer on May 16, 2017. ECF No. 18. Plaintiff filed a Response to the Answer on June 6, 2017. ECF No. 20. Attorney Travis N. Barrick appeared on behalf of the Plaintiff on September 13, 2017. ECF No. 21. Plaintiff filed a Suggestion of Death as to Defendant Stroud on September 13, 2017. ECF No. 22. Judge Leen entered a scheduling order on September 21, 2017. ECF No. 23. Discovery was due by January 4, 2018 and Motions were due by February 5, 2018. Id. Defendants filed the instant Motion for Summary Judgment on February 5, 2018. ECF No. 27. Plaintiff responded on March 5, 2018. ECF No. 30. Defendants replied on March 19, 2018. ECF No. 31.

### III. LEGAL STANDARD

#### A. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## IV. UNDISPUTED FACTS

Based on the record, the Court finds that the following facts to be undisputed.

Plaintiff Saul Farvela was an inmate at HDSP housed in 1B41, a segregation unit. He was classified as a member of the Sureno gang by NDOC's Correction Emergency Response Team (C.E.R.T). On September 30, 2015, Defendant Barth conducted a random cell search of Farvela's cell. Barth confiscated legal books that were the property of other inmates. Farvela did not have a written letter authorizing that he was being assisted by another inmate in a legal matter. As a result of Farvela's cell search, Farvela was issued and served with a notice of charges related to gang activities, unauthorized trading/bartering, unauthorized use of equipment or mail, and possession of a tattoo device. On November 1, 2015, a disciplinary hearing was conducted by Defendant Groover. Farvela was found guilty of gang activities, misuse of the prison mail system, and possession of another inmate's MP3 player without authorization. Farvela was sanctioned with 540 days of disciplinary segregation and forfeiture of 180 days of his good time credits. Defendant Nash denied the Plaintiff's second-level grievance regarding the false charges filed by Defendant Barth and lack of evidence at his disciplinary hearing.

## V. DISPUTED FACTS

The parties dispute the following material facts.

Whether Defendant Barth recovered other contraband from the cell search, including: one homemade tattoo needle, one MP3 player belonging to inmate John Groccia, one white cardboard,

and letters indicating Sureno Gang activity. Whether Defendant Bath refused to give the Plaintiff a grievance form and fabricated charges against him in retaliation for requesting a form. Whether contraband that was confiscated from Farvela's cell was presented as evidence at the November 1, 2015 disciplinary hearing. Whether Farvela made inculpatory interview statements that were introduced in the disciplinary hearing. Whether Farvela's witness, John Groccia, gave testimony during the disciplinary hearing that helped establish Farvela's guilt.

**VI. DISCUSSION**

**A. First Amendment Retaliation**

*1. Legal Standard*

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." Id. To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. at 567-68. The Court may consider the timing of an allegedly retaliatory action as circumstantial evidence of retaliatory intent, particularly where a punishment comes soon after an inmate plaintiff airs a grievance. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (citing Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995)). Decisions that are "retaliatory and…arbitrary and capricious" are "not a reasonable exercise of prison authority and [do] not serve any legitimate correctional goal." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

*2. Discussion*

The Plaintiff alleges in his Complaint (ECF No. 8) and in the sworn affidavit attached to his Response to the Motion for Summary Judgment (ECF No. 30, Ex. 1) that when Defendant Barth searched his cell, he only confiscated legal materials and books that belonged to the Plaintiff or other inmates who had given the Plaintiff permission to use the materials. He alleges that he informed Barth that the search and confiscation was performed in a manner that was in violation of prison policy. He alleges that he objected to the confiscation of these materials and requested a grievance form from Barth, who refused to give him one. He alleges that Barth then falsified charges against him regarding the discovery of other contraband, including a tattoo gun and gang-related writings, which led to Farvela receiving 540 days in disciplinary segregation and forfeiture of 180 days of his good time credits. The Plaintiff has raised a question of fact regarding all of the elements of a retaliation claim. He has provided a sworn affidavit in which he alleges that Defendant Barth filed false charges against him in retaliation for requesting a grievance form. His request for a grievance form was a protected activity. Rhodes, 408 F.3d at 567. Such a blatant abuse of the disciplinary system would likely chill the Plaintiff's protected conduct. If these charges were indeed false, this arbitrary and capricious decision cannot serve a legitimate penological purpose. Rizzo, 778 F.2d at 532.

The Defendants argue that there is no disputed fact regarding whether the Plaintiff requested a grievance form that Defendant Barth denied, and therefore no protected activity, because the Plaintiff's own witness declarations contradict his allegations. In particular, they point out that James Kenton Wardell stated in his declaration that when the Plaintiff objected to Defendant Barth confiscating his legal book, Defendant Barth told him "file a grievance I'm not giving it back." ECF No. 30, Ex. 5. They argue that this evidence, which was introduced by the Plaintiff, is inconsistent with the Plaintiff's testimony that Defendant Barth refused to give him a grievance form and then filed false charges against him in retaliation for requesting one. The Court does not find these statements to be contradictory, however. To the contrary, Wardell's statement suggests that the issue of the grievance had already been raised with Barth, hence his alleged statement to go ahead and file the aforementioned grievance. The testimony that Barth told Farvela to file a grievance is not inconsistent with the Farvela's assertion that he requested a grievance

form from Barth who refused. Barth would have known that Farvela could certainly have obtained the form later from someone else at the prison. In fact, this testimony indicates that Barth may have been aware that Farvela intended to utilize the grievance process, which could give Barth a motivation to retaliate against him by filing the false charges. The Court finds that there is a genuine dispute regarding whether the Plaintiff requested a grievance form from Defendant Barth, which would be protected conduct under the First Amendment. The First Amendment retaliation claim shall proceed against Defendant Barth.

### B. Due Process
#### *1. Legal Standard*

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause, including: (1) advance written notice of the charges, at least 24 hours before a hearing; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). There must also be "some evidence" to support the hearing officer's decision. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced[.]" Id. (internal citation and quotations omitted). "[T]here must be some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

#### *2. Discussion*

The Defendants argue that even if Defendant Barth falsified the charges against the Plaintiff, this in itself is not actionable under the Due Process Clause as long as the notice and

hearing requirements were met, and that they were met in this case. See Freeman v. Rideout, 808 F.2d 949, 952 (2nd Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). The Defendants cite to the Declaration of the hearing officer, Defendant Kyle Groover, as evidence that the decision was supported by "some evidence." The declaration states: "I made the finding of guilt based upon the Jay Barth's Officer Report, results of the cell search, Farvela's interview statements, Farvela's STG validation as Sureno by NDOC's C.E.R.T. security squad, the evidence taken from the cell search, and Farvela's witness statements – John Groccia." ECF No. 27, Ex. C. The Plaintiff disputes the fact that any physical evidence taken from his cell search was introduced in the hearing. Although the "some evidence" standard does not require the hearing officer to rely on physical evidence in making his or her decision, if Defendant Groover said there was physical evidence introduced when none was, this misrepresentation would call into question the veracity of his entire disciplinary hearing report. Defendants have not disputed that they have been unable to locate or explain through a documentary record what happened to the evidence allegedly presented at the hearing. Lying about whether certain evidence was even presented at a hearing and lying about the basis for his decision would if true establish that Groover was not acting as an impartial hearing officer as required by the Due Process clause. Viewing the evidence in the light most favorable to the Plaintiff, there is a disputed fact regarding whether Defendant Groover relied on some or competent evidence in reaching his finding of guilt and whether he acted as an impartial hearing officer.

Generally, under 42 U.S.C. § 1983, "[l]iability arises . . . only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). It is undisputed that if the Plaintiff's versions of events are true, Defendants Barth and Groover would have personally participated in the due process violation by falsifying the charges

against him, misrepresenting what occurred at the disciplinary hearing and misrepresenting the basis for the disciplinary finding.

The Plaintiff concedes that Defendant Howell did not personally participate in this case, and does not oppose dismissal. Therefore, Defendant Howell shall be dismissed from this case. The Defendants argue that Defendant Nash did not personally participate in this case because she merely denied the Plaintiff's second-level grievance, which is one of her duties as the Associate Warden. The Ninth Circuit has found that there was sufficient personal participation to deny summary judgment to a defendant who denied a plaintiff's second-level grievance, however. Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014). The Court finds that there is a disputed fact regarding whether Defendant Nash personally participated in the due process violation by denying Farvela's grievance, although this does not establish that Defendant Nash would not be immune from liability under the doctrine of qualified immunity.

### C. Qualified Immunity

#### *i. Legal Standard*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Qualified immunity is an immunity from suit rather than a defense to liability, and "ensures that officers are on notice their conduct is unlawful before being subjected to suit." Tarabochia v. Adkins, 766 F.3d 1115, 1121 (9th Cir. 2014). In deciding whether officers are entitled to qualified immunity, courts consider, taking the facts in the light most favorable to the nonmoving party, whether (1) the facts show that the officer's conduct violated a constitutional right, and (2) if so, whether that right was clearly established at the time. Id. Under the second prong, courts "consider whether a reasonable officer would have had fair notice that the action was unlawful." Id. at 1125 (internal quotation marks omitted). While a case directly on point is not required in order for a

right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083 (2011). This ensures that the law has given officials "fair warning that their conduct is unconstitutional." Ellins v. City of Sierra Madre, 710 F.3d 1049, 1064 (9th Cir. 2013) (internal citation omitted).

### *ii. Discussion*

The Defendants argue that they are entitled to qualified immunity in this case, as reasonable officers in their positions would not have understood that they were violating the law. Defendants Barth and Groover are certainly not entitled to qualified immunity at this point. The right to due process protections in the prison disciplinary context and the right to be free from retaliation for exercising First Amendment rights have been clearly established for decades. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974); see also Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995). If the Plaintiff's version of events is true and these Defendants falsified disciplinary charges and a disciplinary report that led to the Plaintiff being put in administrative segregation and forfeiting good time credits, these officers would have known that they were violating the Plaintiff's constitutional rights. The Court thus denies qualified immunity for Barth and Groover as the Court finds that there are genuine issues of disputed fact regarding the application of qualified immunity to their actions.

The Court finds that Defendant Nash is entitled to qualified immunity, however. There is nothing in the record to indicate that Defendant Nash was aware of these alleged misrepresentations when she denied the Plaintiff's second-level grievance. Without some indication that these officers were lying, Defendant Nash could not have reasonably known that she was violating the Plaintiff's rights when she denied his grievance. Defendant Nash shall be dismissed from the case.

**VII. CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment (ECF No. 27) is GRANTED in part and DENIED in part as follows:

- Denied as to the First Amendment retaliation claim against Defendant Barth.
- Denied as to the due process claim for denial of access to prison disciplinary protections against Defendants Barth and Groover.
- Granted as to Defendants Nash and Howell who shall be dismissed from this case.
- As the Defendants did not make any arguments regarding the due process claim for the deprivation of the Plaintiff's property, that claim shall proceed against Defendant Barth.

DATED: July 18, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**